[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ dated March 24, 1992, the plaintiff, individually and on behalf of the estate of her late husband Joseph Constantinople, brought suit against the St. John Vianney Church. The writ alleges that on March 23, 1990, the decedent Joseph Constantinople was caused to fall on a pipe protruding out of the pavement in a curbside lot.
Called as witnesses by the plaintiff were Amelia Constantinople, the plaintiff and widow of the late Joseph Constantinople; Theresa Suraci, the daughter of the decedent; Jack Sliby, custodian at St. John Vianney Church; John Constantinople, son of the decedent; and Phyllis Scaglione, daughter of the decedent.
According to Amelia Constantinople, her husband took a walk every night after dinner, usually between 6:30 P.M. and 8:30 P.M. She had gone to bed early that night because she did not feel well and was not awake when he walked in. When he woke up she saw his face was swollen, bruised and abraised, and the clothes that he had been wearing the night before were bloody. She asked him what happened and he said, "I fell." She asked him where, and he said, "In the church lot." She asked him how, and he said, "I was sitting down on the bench. I went to get up and I fell over this pipe." Later she took him to the Veterans Administration emergency room where they x-rayed him and then eventually sent him home. After several other visits with the V.A. hospital, he finally died of a myocardial infarction.
The plaintiff was appointed executor of the estate on or about April 3, 1991 and commenced this action on February 14, 1992.
Mr. Sliby was called to testify to the existence of the pipe on the lot. He testified that he had been in charge of putting the pipe into lot so that it could serve as a ground for a pizza place which was served during the outing. He was of the opinion that there was no logical way that Mr. Constantinople could have injured himself by falling across the lot. There was a bench along side the parking lot that some people used to rest a little. Mr. Constantinople told his wife that he had gotten to this bench and got up and walked over to the edge and tripped and fell on the pipe. Further, the pipe was located on part of the CT Page 4810 lot which was 15 or 20 feet away from the bench that the witness had testified to sitting on. At no time did any of the witnesses accompany Mr. Constantinople on a trip to the lot and get him to show them any way that he fell on the pipe.
The court is constrained to find that the pipe played no part in the mishap suffered by the plaintiff.
 "We have repeatedly held that the plaintiff, in actions of this kind, is bound to remove the issues of negligence, or contributory negligence, from the realm of speculation, and to establish facts affording a logical basis for the inferences which he claims."
Simauskas v. Conn. Company, 102 Conn. 61, 66 (1925).
Judgment may enter for the defendant on the above matter.
Burns, J.